James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
915 Wilshire Boulevard, Suite 1775
Los Angeles, California 90017
Phone:   213-368-5000
Fax:      213-368-5009

Attorneys for Rosendo Gonzalez
Chapter 7 Trustee for David Macmillan
And Cynthia Barrett Martin

FILED & ENTERED

JUL 08 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DAVID MACMILLAN and CYNTHIA BARRETT MARTIN,<br><br>Debtors. | CASE No.: 2:16-bk-21559-NB<br><br>Substantively consolidated with<br>Case No. 2: 17-BK-11588<br><br>Jointly administered with<br>Case No. 2:19-BK-10552-NB<br><br>[HONORABLE NEIL W. BASON]<br><br>[Chapter 7]<br><br>**ORDER GRANTING TRUSTEE'S MOTION APPROVING COMPROMISE WITH WYNDHAM VACATION RESORTS, INC.**<br><br>Date: July 6, 2020<br>Time: 2:00 p.m.<br>Place: ZOOM.Gov |

Notice of the *Trustee's Motion for Approval of Compromise with Wyndham Vacation Resorts, Inc.* (docket no. 550) ("Motion") has been duly given to parties in interest with an opportunity to ~~request a hearing~~ be heard and no party ~~has requested a~~ appeared at the hearing or otherwise opposed the motion. Having considered the Motion and all papers filed in support of thereof, and the Court

1

having determined that the terms and conditions of the Stipulation attached to the Motion as **Exhibit "A"** <u>and as an exhibit to this Order</u> are fair and reasonable and in the best interests of the Debtors' estate and its creditors, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** in its entirety.
2. The terms and conditions of the Stipulation are approved in their entirety.

###

Date: July 8, 2021

Neil W. Bason
United States Bankruptcy Judge

2

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
Ann S. Chang (SBN 281116)
DUMAS & KIM, APC
915 Wilshire Blvd., Ste. 1775
Los Angeles, CA 90017
Telephone: 213/368-5000
Facsimile: 213/368-5009
Email: jdumas@dumas-law.com

Attorneys for the Chapter 7 Trustee,
Rosendo Gonzalez

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

DAVID MACMILLAN and CYNTHIA BARRETT MARTIN,

Debtors.

ATTITUDE MARKETING, INC.

Debtor.

Substantively Consolidated
Case No: 2:16-bk-21559-NB

Chapter 7

Case No. 2:19-bk-10552-NB
(Jointly Administered with 2:16-bk-21559-NB)

**STIPULATION FOR CONDITIONAL SETTLEMENT OF TRUSTEE'S OBJECTION TO AMENDED PROOFS OF CLAIM OF WYNDHAM VACATION RESORTS, INC. AND FOR CONTINUANCE OF HEARING**

[Honorable Neil W. Bason]

Date: June 15, 2021
Time: 2:00 p.m.
Place: VIA ZOOMGOV
    255 E. Temple Street
    Courtroom 1545
    Los Angeles, CA 90012

THIS STIPULATION, by and between chapter 7 trustee, Rosendo Gonzalez ("Trustee") and creditor Wyndham Vacation Resorts, Inc. ("WVR"), is entered into with respect to the following facts:

1

A. On August 30, 2016, David MacMillan ("MacMillan") filed a voluntary bankruptcy proceeding with the U.S. Bankruptcy Court for the Central District of California under Case No. 2:16-bk-21559 (the "MacMillan Bankruptcy Proceeding"). On February 9, 2017, Cynthia Martin ("Martin") filed a voluntary bankruptcy proceeding with the U.S. Bankruptcy Court for the Central District of California under Case No. 2:17-11588-NB (the "Martin Bankruptcy Proceeding"). The MacMillan Bankruptcy Proceeding and Martin Bankruptcy Proceeding were substantively consolidated under Case No. 2:16-bk-21559-NB (the "MacMillan-Martin Bankruptcy Proceedings"). See Doc. No. 84 in Case No. 2:17-11588-NB. The Trustee is the chapter 7 trustee in the MacMillan-Martin Bankruptcy Proceeding.

B. On January 18, 2019, the Trustee filed a voluntary chapter 7 bankruptcy proceeding for Attitude Marketing, Inc. ("Attitude Marketing"). On February 12, 2019, the Bankruptcy Court ordered joint administration of the Attitude Marketing bankruptcy case (the "Attitude Marketing Bankruptcy Proceeding") with the MacMillan-Martin Bankruptcy Proceedings. See Doc. No. 18 in Case No. 2:19-bk-10552-NB. The Attitude Marketing Bankruptcy Proceeding and the MacMillan-Martin Bankruptcy Proceedings are not substantively consolidated.

C. On October 30, 2019, WVR filed a Motion for Substantive Consolidation of Attitude Marketing with Aston Business Solutions, Inc. ("Aston Business Solutions") (2:16-bk021559-NB at Doc. No. 422). On November 26, 2019, the Trustee filed a motion seeking the same relief (2:19-bk-10552-NB at Doc. No. 66). By order of June 30, 2020, this Bankruptcy Court approved settlement of motions of WVR and the Trustee, resulting in the substantive consolidation of Attitude Marketing and Aston Business Solutions. See Doc. No. 154 in Case No. 2:19-bk-10552-NB.

D. On April 7, 2017, WVR filed a Complaint to Determine Non-dischargeability of Debt captioned *Wyndham Vacation Resorts, Inc. v. David MacMillan*, Adv. Pro. No. 2:17-ap-01229 (NB) (the "WVR-MacMillan Adversary Proceeding"). See Doc. No. 1 in Case No. 2:17-ap-01229-NB. On November 11, 2017, WVR filed a Complaint Objecting to Discharge captioned *Wyndham Vacation Resorts, Inc. v. Cynthia Martin*, Adv. Pro. No. 2:17-ap-01551 (NB) (the "WVR-Martin Adversary Proceeding"). See Doc. No. 1 in Case No. 2:17-ap-01551-NB. By order of January 31, 2018, this

Bankruptcy Court consolidated the WVR-MacMillan Adversary Proceeding and the WVR-Martin Adversary Proceeding. See Doc. No. 9 in Case No. 2:17-ap-01551-NB. These consolidated adversary proceedings are hereafter referred to as the "WVR Adversary Proceedings."

E. On October 28, 2020, WVR, MacMillan and Martin reached an agreement to settle the WVR Adversary Proceedings and other disputes between those parties (the "2020 Settlement Agreement"). See Doc. No. 201-1 in Case No. 2:19-bk-01229-NB. In the 2020 Settlement Agreement, MacMillan and Martin agreed that: *As of the Effective Date, the Debtors consent to allowance of general unsecured claims of WVR in the MacMillan-Martin Bankruptcy Proceedings and Attitude Marketing Bankruptcy Proceeding in the amount of twenty-five million dollars ($25,000,000) (collectively, the "WVR Allowed Claim").*

F. On November 10, 2020, WVR, MacMillan and Martin filed a joint motion seeking approval of the 2020 Settlement Agreement and the transactions identified therein (the "WVR-MacMillan Settlement Motion"). See Doc. No. 512. The 2020 Settlement Agreement was granted by Order of the Bankruptcy Court dated December 4, 2020 (the "Settlement Approval Order"). See Doc. No. 518.[1] On December 8, 2020, the Bankruptcy Court entered the Consent Judgment in the Consolidated Adversary Proceedings in favor of WVR and against the Debtors in the amount of $25,000,000 (the "Consent Judgment"). See Case No. 2:17-ap-01229- NB at Doc. No. 211.

G. On December 16, 2020, WVR filed a third amended proof of claim in the MacMillan-Martin Bankruptcy Proceedings in the amount of $25,000,000 (the "WVR Third Amended POC"). See Case No. 2:16-bk-21559-NB at Proof of Claim No 3-3. Additionally, on December 16, 2020, WVR filed an amended proof of claim in the Attitude Marketing Bankruptcy Proceeding in the amount of $25,000,000 (the "AM Amended POC"). See Case No. 2:19-bk-10552-NB at Proof of Claim No 1-2.

H. On February 12, 2021, the Trustee filed the *Trustee's Objection to Amended Claim of Wyndham Vacation Resorts, Inc.* (collectively, the "Claim Objection") [Case No. 2:16-bk-21559-NB at Doc. No. 524 and Case No. 2:19-bk-10552-NB at Doc. No. 192]. On March 9, 2021, WVR filed the *Response of Wyndham Vacation Resorts, Inc. to Objection of Trustee to Amended Claim of*

---

[1] The Settlement Order states: "The Trustee shall have sixty (60) days from the date of filing by WVR of an Amended POC to file any objection to an Amended POC." See Doc. No. 518.

STIPULATION FOR CONDITIONAL SETTLEMENT OF TRUSTEE'S OBJECTION TO AMENDED PROOFS OF CLAIM OF WYNDHAM VACATION RESORTS, INC. AND FOR CONTINUANCE OF HEARING
309750806.1

*Wyndham Vacation Resorts, Inc.* (collectively, the "WVR Response") [Case No. 2:16-bk-21559-NB at Doc. No. 528 and Case No. 2:19-bk-10552-NB at Doc. No. 196].

I. The Trustee and WVR, having stipulated to the foregoing facts, have agreed to resolve the Claim Objection, the WVR Response, and other matters as set forth herein, subject to Bankruptcy Court approval of the terms of this Stipulation at a continued hearing and after notice to interested parties, giving them an opportunity to object.

**IT IS HEREBY STIPULATED** as follows:

1. **Bankruptcy Court Approval**.

   1.1 Other than as set forth in this Section 1, all of the agreements, obligations, releases, representations, and/or warranties by and between WVR and the Trustee under this Stipulation shall be subject to and contingent upon approval of the Bankruptcy Court in the MacMillan-Martin Bankruptcy Proceedings and the Attitude Marketing Bankruptcy Proceeding, as and when set forth herein.

   1.2 Within seven days after execution of this Stipulation, WVR and the Trustee shall file a joint motion in the jointly administered MacMillan-Martin Bankruptcy Proceedings and Attitude Marketing Bankruptcy Proceeding (collectively, the "Settlement Motion"), seeking the entry of an order approving the terms of this Stipulation, without modification. The Settlement Motion shall be filed with notice to all interested parties, giving them an opportunity to object to the relief sought in the Settlement Motion. The entry of final and unappealable order approving the Settlement Motion is referred to herein as the "Settlement Order."

   1.3 WVR and the Trustee shall utilize their best efforts to prosecute the Settlement Motion and pursue prompt entry of the Settlement Order. In the event that the Settlement Order is not entered within sixty (60) days of filing of the Settlement Motion, this Stipulation shall become null and void without further notice. This Stipulation shall also become null and void immediately upon entry of an

order denying the Settlement Motion. The date of entry of the Settlement Order shall be the "Effective Date" of the agreements contained in this Stipulation.

**2.     Allowance and Payment of WVR Administrative Claim.**

2.1     The 2020 Settlement Agreement provides that: *WVR may file an application in the MacMillan-Martin Bankruptcy Proceedings and/or Attitude Marketing Bankruptcy Proceeding for allowance of fees for substantial contribution in connection with the MacMillan-Martin Bankruptcy Proceedings and/or Attitude Marketing Bankruptcy Proceeding (the "Substantial Contribution Claim"). MacMillan and Martin shall not oppose or take any adverse action regarding the Substantial Contribution Claim.*

2.2     The Trustee stipulates that WVR is entitled to an administrative claim of fifty thousand dollars ($50,000) in the MacMillan-Martin Bankruptcy Proceedings (the "WVR Administrative Claim"). Simultaneous with the motion for approval of the within Stipulation, WVR will file a motion for approval and interim payment of a $50,000 administrative claim to be heard at the same time as the motion for approval of the Stipulation. The effectiveness of this Agreement is conditional upon approval of the administrative claim and the approval of the administrative claim is conditional upon approval of the settlement embodied in this Stipulation. If the settlement is not approved, then the motion for approval and payment of the administrative claim will be deemed withdrawn without prejudice. Assuming that fifteen days have elapsed since entry of a Settlement Order approving the within settlement, the trustee shall pay the $50,000 administrative claim in full within fifteen days of the entry of a Bankruptcy Court order approving the administrative claim.

**3.     Allowance and Subordination of WVR General Unsecured Claims.**

3.1     The Trustee stipulates that WVR has (i) a valid claim in the MacMillan-Martin Bankruptcy Proceedings in the amount of twenty-five million dollars ($25,000,000), as set forth in the

WVR Third Amended POC, without any compromise, surcharge, defense or set-off; and (ii) a valid claim in the Attitude Marketing Bankruptcy Proceeding in the amount of twenty-five million dollars ($25,000,000), as set forth in the AM Amended POC, without any compromise, surcharge, defense or set-off.

3.2   The Settlement Motion shall seek, and the Settlement Order shall provide for, (i) allowance of a general unsecured claim of WVR in the MacMillan-Martin Bankruptcy Proceedings in the amount of twenty-five million dollars ($25,000,000) (the "<u>Allowed WVR MacMillan Claim</u>"); and (ii) allowance of a general unsecured claim of WVR in the Attitude Marketing Bankruptcy Proceeding in the amount of twenty-five million dollars ($25,000,000) (the "<u>Allowed WVR Attitude Claim</u>"). The Allowed WVR MacMillan Claim and the Allowed WVR Attitude Claim are collectively referred to as the "<u>WVR Allowed Claims</u>".

3.3   The Trustee, on behalf of himself and the professionals he has employed to serve the estate in the MacMillan-Martin Bankruptcy Proceedings, stipulates and guarantees that there shall be a minimum distribution to general unsecured creditors of $300,000 from the estate in the MacMillan-Martin Bankruptcy Proceedings minus the amount of the approved WVR Administrative Claim per Section 2 hereof (the "<u>Distribution Guaranty</u>"). This Distribution Guaranty shall be accomplished by a waiver of allowed Trustee and professional fees to the extent that they prevent a distribution in the minimum sum. The Distribution Guaranty shall not be reduced or voided if, and to the extent that, the estate in the MacMillan-Martin Bankruptcy Proceedings is substantively consolidated with the estate in the Attitude Marketing Bankruptcy Proceeding.

3.4   WVR stipulates that, subject to the Distribution Guaranty in Section 3.3, the Allowed WVR MacMillan Claim shall be subordinated to the claims of other holders of allowed general unsecured claims in the MacMillan-Martin Bankruptcy Proceedings to the extent that, (i) after payment of the approved WVR Administrative Claim, and (ii) after payment of a distribution to WVR of

**STIPULATION FOR CONDITIONAL SETTLEMENT OF TRUSTEE'S OBJECTION TO AMENDED PROOFS OF CLAIM OF WYNDHAM VACATION RESORTS, INC. AND FOR CONTINUANCE OF HEARING**
309750806.1

$150,000 from the estate in the MacMillan-Martin Bankruptcy Proceedings on account of the Allowed WVR MacMillan Claim, (iii) holders of allowed general unsecured claims in the MacMillan-Martin Bankruptcy Proceedings, <u>other than WVR</u>, shall receive the next $100,000 distributed from the estate in the MacMillan-Martin Bankruptcy Proceedings. In the event that additional proceeds are available for distribution to holders of allowed general unsecured claims in the MacMillan-Martin Bankruptcy Proceedings after the distributions in Sections 3(ii)-(iii), WVR shall be entitled to a distribution from such additional amounts on account of the Allowed WVR MacMillan Claim on a pro rate basis with holders of other allowed general unsecured claims in the MacMillan-Martin Bankruptcy Proceedings.

3.5     WVR stipulates that, subject to the distributions to WVR in Sections 3.3 and 3.4 hereof, the Allowed WVR Attitude Claim shall be subordinated to the claims of other holders of allowed general unsecured claims in the Attitude Marketing Bankruptcy Proceeding to the extent that distribution to WVR from the estate in the Attitude Marketing Bankruptcy Proceeding on account of the Allowed WVR Attitude Marketing Claim would exceed two-thirds of any such distribution.

4.      **No Modification**.  The Trustee and WVR stipulate that nothing contained herein shall be deemed to modify, nullify, discharge or extinguish: (i) the 2020 Settlement Agreement and/or the transactions and agreements identified therein; (ii) the Settlement Approval Order; (iii) the Consent Judgment; or (iv) the obligations of the parties under the 2020 Settlement Agreement and/or the transactions and agreements identified therein, the Settlement Approval Order, or the Consent Judgment.

5.      **Settlement of Claim Objection and WVR Response.** The Trustee and WVR stipulate that fifteen days after the entry of the Settlement Order and, assuming entry of an order approving the Administrative Claim, the Claim Objection and WVR Response shall be deemed resolved.

7

STIPULATION FOR CONDITIONAL SETTLEMENT OF TRUSTEE'S OBJECTION TO AMENDED PROOFS OF
CLAIM OF WYNDHAM VACATION RESORTS, INC. AND FOR CONTINUANCE OF HEARING
309750806.1

6. **Continued Hearing Date.** The Trustee and WVR stipulate that the hearing on the Claim Objection and WVR Response shall be continued to July 6, 2021 at 2:00 p.m. or such later date as may be necessary to permit the Trustee and WVR to prepare, file, and serve the Settlement Motion.

Dated: June 14, 2021        Dumas & Kim, APC

By: *James A. Dumas*
James Dumas
Attorneys for Rosendo Gonzalez

Dated: June 14, 2021        K&L Gates, LLP

By: _____
Daniel M. Eliades
Attorneys for Wyndham Vacation Resorts, Inc.

| | CHAPTER: 7 |
|---|---|
| In re: David Macmillan & Cynthia Martin-Attitude Marketing, Inc.<br><br>Debtor(s). | CASE NUMBER: 2:16-bk-21559-NB<br><br>Consolidated: 2:17-bk-11588-NB<br><br>Jointly Administered: 2:19-bk-10552-NB |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 915 Wilshire Blvd., Ste. 1775, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **Stipulation for Conditional Settlement of Trustee's Objection to Amended Proofs of Claim of Wyndham Vacation Resorts, Inc. and for Continuance of Hearing** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 14, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert S Altagen      robertaltagen@altagenlaw.com
Shreena Augustin     bky_ecf4@rasflaw.com
J Scott Bovitz       bovitz@bovitz-spitzer.com
William H Brownstein    Brownsteinlaw.bill@gmail.com
Caren J Castle      wdk@wolffirm.com, wdk@wolffirm.com
Theron S Covey      tcovey@rasflaw.com
Sevag Demirjian      sevag@demirjianlaw.com, info@demirjianlaw.com
Keith S Dobbins      keith@kdobbinslaw.com
James A Dumas      jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
Daniel M Eliades       daniel.eliades@leclairryan.com, caitlin.conklin@klgates.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 14, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 14, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Caitlin Conklin       Caitlin.Conklin@klgates.com
Daniel M. Eliades     Daniel.Eliades@klgates.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **June 14, 2021** | Danielle M. Landeros | */s/ Danielle M. Landeros* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| In re: David Macmillan & Cynthia Martin-Attitude Marketing, Inc.<br><br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:16-bk-21559-NB<br>Consolidated: 2:17-bk-11588-NB<br>Jointly Administered: 2:19-bk-10552-NB |
|---|---|

Oscar Estrada     oestrada@ttc.lacounty.gov
Sean C Ferry     sferry@rasflaw.com, sferry@ecf.courtdrive.com
Daniel K Fujimoto     wdk@wolffirm.com
Todd S Garan     ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
Rosendo Gonzalez (TR)     rgonzalez@ecf.axosfs.com, rossgonzalez@gonzalezplc.com;jzavala@gonzalezplc.com;cmorales@gonzalezplc.com
Bruce Grego     brucegrego@att.net
Christian T Kim     ckim@dumas-law.com, ckim@ecf.inforuptcy.com
John P Kreis     jkreis@kreislaw.com, j.kreis@ca.rr.com
Michael B Lubic     michael.lubic@klgates.com, jonathan.randolph@klgates.com
Ron Maroko     ron.maroko@usdoj.gov
Peter J Mastan (TR)     peter.mastan@dinsmore.com, pmastan@iq7technology.com;travis.terry@dinsmore.com
William F McDonald     william@shannerlaw.com, wfmcdonald@gmail.com
Jullia D McGann     JuliaM@atg.wa.gov, cprreader@atg.wa.gov
Stacey A Miller     smiller@tharpe-howell.com
Zachary Mosner     bcumosner@atg.wa.gov
Rick L Raynsford     rick@rlrintl.com
Lamont R Richardson     lamont.r.richardson@chase.com
Edward A Treder     cdcaecf@bdfgroup.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Thomas B Ure     tbuesq@aol.com, urelawfirm@jubileebk.net; tom@ecf.courtdrive.com
Brian C Vanderhoof     brian.vanderhoof@leclairryan.com, graciela.anchante@leclairryan.com
Dennis C. Winters     winterslawfirm@cs.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**