James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC.
915 Wilshire Blvd., Ste. 1775
Los Angeles, CA 90017
Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorneys for Chapter 7 Trustee,
Rosendo Gonzalez

**FILED & ENTERED**

**DEC 09 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** penning **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

**CHANGES MADE BY COURT**

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

DAVID MACMILLAN, CYNTHIA BARRETT MARTIN, and ATTITUDE MARKETING, INC.

Debtors

Case No. 2:16-bk-21559-NB

Substantively consolidated with Case Nos. 2:17-bk-11588-NB and 2:19-bk-10552-NB

[Chapter 7]

[Honorable Neil W. Bason]

**ORDER APPROVING MOTION FOR ORDER AUTHORIZING PAYMENT OF PREVIOUSLY APPROVED ATTORNEYS' FEES AND COSTS OF DUMAS & KIM, APC., COUNSEL FOR THE TRUSTEE**

[No Hearing Requested]
Hearing
Date:       December 20, 2022
Time:       2:00 p.m.
Place:      255 E. Temple St. Ste. 1545
            Los Angeles, CA 90012
(or via Zoomgov per posted instructions)

The Court having considered the Motion for Order Authorizing Payment of previously approved attorneys' fees and costs on the third interim fee application of Dumas & Kim, APC. ("Applicant") (the "Fee Motion," ~~"~~Docket No. 591~~"~~), as well as the other filed documents referenced below, this matter is set for hearing as set forth below.

This Court is aware that this is an administratively insolvent estate, and that Applicant is voluntarily absorbing a very large reduction in its fees.  This Court does not wish to add to

PAGE 1

1 Applicant's burdens.  But this Court expressly directed Applicant to show how its reduced fees

2 would enable the estate to pay the other administrative expenses that Applicant promised to pay, and

3 it has failed to do so.

4   This Court's prior order approving Applicant's fees and expenses (dkt. 589) states:

5     Allow $238,869.00 in fees and $2,696.90 in expenses, for a total award of
    $241,565.90, but bar payment at this time.  This Court anticipates that in future
6     applicant will (a) file a supplemental declaration showing **how the formula for the**
    **partial fee waiver has been calculated**, (b) serve it on the United States Trustee on a
7     14-day "scream-or-die" basis, and then (c) either file a declaration of no response and
    lodge a proposed order or else self   calendar a hearing on any dispute regarding such
8     calculations. *See* Application (dkt. 584) p. 3:10-22.  [Order, dkt. 589, p. 2 (emphasis
    added).]

9

10   The Application states:

11     Applicant is waiving payment, on both an interim and final basis, of all allowed fees
    in excess of a sum which has yet to be calculated but which will be the amount of the
12     money in the AMI estate at the time of the consolidation (**[1] $129,957) minus**
    **sufficient funds [2] to pay the trustee his full statutory fee** based on the
13     disbursements that he will be making **and [3] to give the trustee's accountants their**
    **full final fees** for their work for the consolidated estate. [Application (dkt. 584)
14     p. 3:11-15]

15

16   This Court takes judicial notice that Applicant has represented that the Chapter 7 Trustee will

17 be seeking a fee of "$61,0" [sic] (Motion, dkt. 591, p. 3:16), which this Court presumes to be

18 "**$61,000.00**" (item "[2]" above).  This Court also takes judicial notice of its prior orders awarding

19 fees and expenses to LEA Accountancy LLP ("Accountants") (dkt. 571, for slightly under

20 $19,000.00, and dkt. 413, for slightly under $40,000.00), for a total award to Accountants of slightly

21 under **$59,000.00** (item "[3]" above).

22   Combining the foregoing information appears to yield the following calculations:

23     *Available $*  *Deductions*  *Description*

24     $129,957.00       [1] Available funds

25           ($61,000.00)  [2] Trustee statutory fee

26           ($59,000.00)  [3] Accountants' fees and expenses

27      **$19,957.00**    Total apparently available to pay Applicant.

28   But the Fee Motion seeks "an order authorizing payment to Applicant of previously

approved attorneys' fees and costs in the reduced sum of **$103,043.10 in fees and $2,696.10 in**

1 **costs**." Fee Motion (dkt. 591) p. 1:26-28 (emphasis added).  In other words, this Court has

2 attempted to make up for the lack of calculations by Applicant, but this Court must be missing some

3 information that is available to Applicant because the record before this Court only appears to

4 support fees of almost an order of magnitude lower than what Applicant now requests.

5      Presumably there are more available funds and/or the Accountants have already been paid,

6 and/or there is some other explanation.  But nothing in the Fee Motion provides any explanation.

7 ~~, no opposition to the motion having been filed, and good cause appearing therefor:~~

8 ~~IT IS HEREBY ORDER that the trustee is authorized to pay Applicant the sum of~~

9 ~~$103,043.10 in fees and costs in the sum of $2,696.10.~~

10      For the foregoing reasons, IT IS HEREBY ORDERED that this matter is set for hearing at

11 the above-captioned date and time.

12                                        ###

Date: December 9, 2022

Neil W. Bason
United States Bankruptcy Judge